

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,638

### EX PARTE R.A. STROUD, Applicant

### v.

### THE STATE OF TEXAS

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 114-1633-04-A IN THE 114TH JUDICIAL DISTRICT COURT
### FROM SMITH COUNTY

PER CURIAM. MEYERS, and JOHNSON, JJ., dissented.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to twenty years' imprisonment and a fine of five thousand dollars.

Applicant contends that he is actually innocent of the offense of aggravated sexual assault but is guilty of sexual assault. Specifically, applicant alleges that no reasonable juror could have convicted him of aggravated sexual assault because the victim, Megan O'Bryan, was not younger

than fourteen years of age at the time of the offense. TEX. PEN. CODE § 22.021(a)(2)(B). We remanded to the trial court so that an evidentiary hearing could be held, and further findings made regarding applicant's claim.

The trial court conducted an evidentiary hearing, and has determined that newly discovered evidence shows that Ms. O'Bryan was fourteen years old at the time of the offense. The trial court concludes that applicant has met his burden of proving by clear and convincing evidence that no reasonable juror could have convicted applicant of aggravated sexual assault in light of the newly discovered evidence. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). The parties agreed at oral argument that appellant is not guilty of aggravated sexual assault but is guilty of sexual assault. TEX. PEN. CODE § 22.011(a)(2)(A). We agree.

The judgment in cause number 114-1633-04-A in the 114th Judicial District Court of Smith County is reformed to reflect guilt of the offense of sexual assault. Applicant is remanded to the trial court for a new punishment hearing.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Parole Division.

Delivered: February 13, 2008
Do Not Publish